[S. F. Nos. 2764–2797.   In Bank.—March 20, 1902.]

In the Matter of the Estate of JOSEPHINE L. SANFORD, Deceased.   CHARLES F. SANFORD, Appellant, v. MARY SANFORD et al., Respondents.

WILLS—VOID TRUST TO CONVEY.—A provision in a will creating an express trust to convey real estate to beneficiaries named is invalid and void.

ID.—VOID TRUST FOR YEARS—DISCRETION OF TRUSTEES.—A trust created by will to receive the rents and profits of land until one of the beneficiaries named shall attain the age of twenty-five years, and to apply the net income of the same "to such an extent and at such time or times as in their judgment may be proper," to and for the use of the beneficiaries named, is void, because not imperative, but merely discretionary as to the amount of the income to be so applied.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Bishop, Wheeler & Hoeffler, Bishop & Wheeler, and Donzel Stoney, for Appellant.

E. S. Pillsbury, and Horace D. Pillsbury, for Mary Sanford and Huntington Sanford, Respondents.

Garret W. McEnerney, for Executors and Trustees, Respondents.

T. I. Bergin, Respondent in *pro. per.*

W. B. Treadwell, Respondent in *pro. per.*

McFARLAND, J.—S. F. No. 2764 is an appeal by Charles F. Sanford, an heir at law of the decedent, from that part of the decree of distribution which distributes one fourth of the Rancho Los Meganos to Mary Sanford and Huntington Sanford, subject to a certain trust declared in the twenty-ninth paragraph of decedent's will. S. F. No. 2797 is an appeal by the same appellant from an order denying his motion to vacate the decree and grant a new trial of the petition for final distribution.

In the twenty-fifth, twenty-sixth, twenty-seventh, and twenty-eighth paragraphs the testatrix says, "I give and bequeath" to various named persons certain undivided parts of the rancho,—amounting in all to the undivided three fourths thereof. The said twenty-ninth subdivision is as follows: "I give and bequeath to said Professor George David-son, Dr. C. N. Ellinwood, and Andrew S. Moseley, one undivided fourth of the said Rancho Los Meganos *in trust,* however, to receive the rents, issues, and profits thereof, and to apply the net income of the same to such extent and at such time or times as in their judgment may be proper to and for the use and benefit of Mary Sanford and Huntington Sanford, children of my nephew, John Edward M. Sanford, of Dor-chester, Mass., until said Sanford shall attain the age of twenty-five years, whereupon they shall convey the same to said Mary Sanford and Huntington Sanford. Said trustees shall have the power to lease the whole or any portion of the lands hereby conveyed to them to such persons, and upon such rents and for such time as to them shall seem meet." The rest of the paragraph is immaterial. The portion of the decree appealed from distributes the one fourth of the rancho in accordance with this paragraph.

This paragraph creates a forbidden express trust to convey real property to beneficiaries. It is covered by the decision of this court in the *Estate of Fair,* 132 Cal. 523,[1] and, for the reasons given in the latter case, is invalid and void. It is conceded that if the paragraph in question

[1] 84 Am. St. Rep. 70.

is within the Fair case it is invalid. Respondents attempt to make a distinction between the two cases; but the grounds upon which the distinction is sought to be made are untenable. The main difference between the wills in the two cases is, that in the case at bar the language used is concise and simple, while in the Fair will many more words were used, and the intent to create a trust to convey was stated in various phrases and frequently repeated. The scheme in the will of Fair was a very complex one. In selecting those who should be his ultimate beneficiaries, at the end of a probably very long period of time, he had to provide for a great many different contingencies which might happen; and in doing so he frequently restated his direction to his trustees to convey. And, in response to the many arguments made by the appellants in that case,—that there was in the will no trust to convey, or that such trust should be explained away, or that the trust to convey should be transmuted into a direct devise to the so-called remaindermen,—it was quite natural that in the opinions of the court the various phrases and repetitions in the will should be noticed. But the question whether or not there was a forbidden trust to convey is the same in both cases, and must be answered in the same way. In the will of Fair the trustees were to hold the property and to dispose of its net income during the lives of the three children and the survivor of them, and "upon the death of such survivor" to "convey" to the named beneficiaries. In the case at bar the trustees were to hold the land "in trust," and to dispose of the income until Huntington Sanford should attain the age of twenty-five years, "whereupon they shall convey the same" to the beneficiaries. The meaning of the words "upon the death of such survivor," in the one instance, and "whereupon," in the other, is the same; each is used merely to designate a point of time at which the trust to convey is to be executed. It can no more be rightfully contended in the case at bar that the point of time was after the termination of the trust than it could have been so contended in the Fair case, where such contention was made and held to be not maintainable. Indeed, such contention, if sustained, would destroy the efficacy of the whole doctrine of the invalidity of a trust to convey; for in such an attempted trust the conveyance is

always to be made after some designated prior period of time, and ends the transaction.

The contention that in the will in the case at bar the direction to convey was not one of the trusts intended to be declared by the testatrix is no more maintainable than a like contention was in the Fair case. The trust here was to hold the land and dispose of the income for a designated period, and then convey it to the beneficiaries; and these were exactly the provisions of the Fair will. The fact that in the latter will the words "trust" and "convey" were used in close proximity, while in the will in the case at bar there were some other words between "trust" and "convey," makes no difference; the intervening words do not change the sense, and the meaning in both wills is the same.

It is said that the words in the will, "the lands hereby conveyed to them," do not necessarily mean a conveyance in fee, because there may be "conveyed" an estate in lands less than a fee. But a general grant of land without limitation carries a fee. The words used by the testatrix in granting the land to the trustees are exactly those that were used in granting lands to all the other devisees; and would any one claim that the latter did not take a fee? It is said that, no matter what general words are used in a trust, the trustee takes only such estate as is necessary for the trust declared; but that principle has no force here, because in the case at bar, as in the Fair case, the estate created by the general words is necessary to the execution of the trust. The trustees had to "convey" to the beneficiaries the estate which had been granted to the former by the testatrix; the beneficiaries could get such estate in no other way, for the will here is as barren of any words of direct devise as was the will in the Fair case. The contention that the will can be construed as a mere attempt to "prescribe" the persons to whom the real property should belong, is sufficiently answered in the opinion of the court delivered by Mr. Justice Garoutte in the Fair case.

The attempted trust during the few years before Huntington Sanford shall have attained the age of twenty-five years is apparently of little importance; but we think it is invalid,— if not for the reasons given in the Fair case,—because it is, in its main feature, not imperative, but merely discretionary; and it is conceded by respondents that if such be the case the

estate for years is void. By the will the trustees are to receive the rents and profits of the land and apply the net proceeds of the same to the use and benefit of the beneficiaries *"to such extent"* and at such time or times as in their judgment shall be proper. This clause is not susceptible of the construction that it refers merely to the time or times at which the income shall be applied. It clearly leaves to the discretion of the trustees what *amount* of the income shall be applied. It is not a direction that the *whole* net income shall be applied, leaving to them only the power to determine at what times they shall pay it over; they are to apply the net income only "to such extent" as they may deem proper. These words constitute a proposition independent of the direction as to "time or times," and which relates to a different subject; they cannot be construed as relating merely to time without making them utterly useless and senseless.

Our conclusion is, that the trusts attempted to be created by the said twenty-ninth paragraph of the will are invalid and void; that the one fourth of the rancho in question must be distributed to the appellant and the other heirs at law of the decedent; and that the part of the decree of distribution appealed from must be reversed.

The foregoing views make it unnecessary to pass upon the appeal from the order denying a new trial; and that appeal may be disregarded.

That part of the decree of distribution appealed from is reversed.

Henshaw, J., Van Dyke, J., and Garoutte, J., concurred.

HARRISON, J., dissenting.—In sustaining the validity of the twenty-ninth paragraph of the decedent's will the superior court distributed the property therein named as follows:—

"There is hereby assigned, distributed, and set over unto said Mary Sanford and Huntington Sanford two thousand eight hundred and twenty-nine acres and sixty-five hundredths of an acre of said Rancho Los Meganos in satisfaction of the bequest made to them in and by the last will and testament of said Josephine L. Sanford, deceased, subject, however, to the trust therein declared in favor of said Pro-

fessor George Davidson, Dr. C. N. Ellinwood, and Andrew S. Moseley, to hold and receive the rents, issues, and profits thereof, and apply the net amount of the same to such extent and at such time or times as in their judgment may be proper to and for the use and benefit of said Mary Sanford and Huntington Sanford, children of said John Edward M. Sanford, of Dorchester, Mass., nephew of said deceased, until said Huntington Sanford shall attain the age of twenty-five years, whereupon said trust shall terminate.''

The provision in the will giving to the trustees a discretion in determining the times at which they are to apply the income to and for the use of the beneficiaries, as well as the amount which they shall apply at any one time, does not render the trust invalid. Section 857 (subd. 3) of the Civil Code authorizes the creation of an express trust ''to receive the rents and profits of real property, and pay them to, or apply them to the use of, any person . . . during the life of such person, or for any shorter time, subject to the rules of title II of this part.'' The section is general and comprehensive in its terms, and as there is no provision or limitation in reference to the amount which may be so paid or applied at any one time, or the times for paying or applying the same, or as to the intervals which are to take place between the times at which the amounts are to be applied, it is left to the creator of the trust to make such provision in reference thereto as he may desire. He may direct the time or times at which the income shall be applied, as well as the amount to be applied at each time, or he may leave the determination of each of these matters to the discretion of the trustee. There is no ''direction'' in the will for any accumulation of the income, and by its express terms the trustees are directed to apply the whole of the net income of the rents, issues, and profits of the trust estate to and for the use of the beneficiaries. While the amount to be applied from time to time is left to their discretion, the direction to apply the net amount of the income—which includes the *entire* net amount—is imperative and may be enforced. (*McDonald* v. *McDonald,* 92 Ala. 537.) The trust does not extend beyond the life of Huntington Sanford, and, as the will provides that the whole of the net income shall be applied to the use of the beneficiaries, there is no portion ''undisposed of'' to go to the person entitled to

the next eventual estate. The code declares that "all *directions* for the accumulation of the income of property, except such as are allowed by this title, are void (sec. 723); but it does not prohibit an accumulation of income which is merely incidental to the performance of the trust. Neither does section 857 provide that the income shall be applied to the use of the beneficiary as often as it accrues, or when any portion of it shall accrue, and there is no principle of law which requires such a construction. The legislature has wisely left to the author of the trust the power to make such provision in reference thereto as he may think best adapted to the circumstances of the beneficiary.

The direction to the trustees to convey the property to Mary Sanford and Huntington Sanford is not declared by the testatrix to be within the purpose of the trust created by her. In this respect the will differs radically from the will of Senator Fair, and the rule declared for the construction of that will is inapplicable. The conclusion reached in that case was based upon the ground that the will created an express trust to convey the land to the designated persons; whereas in the present will the direction to convey is not made the purpose of any express trust, but is independent of the clause creating the only express trust which the will creates. The word by which the direction is introduced—"whereupon"— is equivalent in meaning to "after which," and implies a transition of thought or action, and that the matter introduced by it is distinct from the preceding matter, and is in subsequence thereto. Grammatically, the word is a relative conjunction, by which the proposition set forth in the antecedent clause is to be followed in time and in act by the matter set forth in the concluding clause. The language of the concluding clause is, however, to be construed independently of the antecedent clause as fully as if it were not connected therewith. In the present case the antecedent clause is that which creates the trust for applying the income, and the will is to be read as if the sentence had terminated with that clause and the testatrix had commenced a new sentence as follows,— viz., "After which," i. e. after the termination of the trust thus created, they shall convey the property to Mary Sanford and Huntington Sanford.

It is not contended by the appellant that the testatrix has in

express terms made the direction to convey the property one of the purposes of the trust created by her, but he seeks to have her language construed as indicating her intention to have such direction included in the trust. The most favorable position, however, that can be taken in support of this contention is that the language is ambiguous on this point, and that it is quite as open to the construction that the direction to convey is independent of the trust as that it is included therein. Aside from the principle that an express trust in real property is not to be implied from ambiguous language, the construction contended for by the appellant would be in contravention of the maxim, *Ut res magis valeat quam pereat.* If an instrument is susceptible of two constructions, one of which is consistent with law and the other repugnant thereto, that construction is to be adopted which will make it effective. A will, like any other instrument, is, if possible, to be so interpreted as to make it effective rather than void. (*LeBreton* v. *Cook,* 107 Cal. 410; *Toland* v. *Toland,* 123 Cal. 140; Civ. Code, sec. 3541.) In *Everitt* v. *Everitt,* 29 N. Y. 95, the court said: "The question is not whether the language will bear some other construction, a construction which will defeat the intention or render the provisions of the will illegal and void, but whether it will permit a lawful intention to have effect." Especially is a construction to be avoided where, as in the present case, the effect would be to render nugatory a disposition of property otherwise valid, and where a different construction would give effect to every part of the testator's will. Upon this proposition the language of the court in *Smith* v. *Edwards,* 88 N. Y. 92, is peculiarly applicable: "While in the present case no trust was created in direct words by the language of the will, it may be conceded that its provisions permit such a construction; but that is not to be adopted where the trust raised from the general language and apparent intention would be invalid, for there is no such anomaly in the law as a trust raised by construction only to be destroyed in the moment of its creation."

The estate which passes to the trustee in the case of an express trust is measured by the duties of his office,—is that which is necessary to enable him to exercise the trust imposed upon him, and is to be ascertained by a consideration of the subject-matter and purpose of the trust. (*Morffew* v. *San*

*Francisco etc. R. R. Co.,* 107 Cal. 587.)   The trust to receive rents, issues, and profits, and apply the net amount of the same to and for the use of the beneficiaries, is the only express trust created by the will of Miss Sanford, and as the purpose of that trust will cease when Huntington Sanford shall arrive at the age of twenty-five years, or at his death prior thereto, the estate of the trustees will also cease at that time. (Civ. Code, sec. 871.)   The estate taken by them is therefore an estate for years, determinable upon the arrival of Huntington Sanford at the age of twenty-five years, or upon his death prior thereto.   If the testatrix had made no other disposition of the property covered by the trust, that property would, under section 866 of the Civil Code, have been "left in the author of the trust or her successors," subject to the execution of the trust.   Under section 864 of the Civil Code, however, the author of a trust may "prescribe" in the instrument creating the trust to whom the real property to which the trust estate relates "shall belong" upon the termination of the trust.   The code does not declare the mode in which he shall so "prescribe" the person or persons to whom he desires the property to belong, or limit the terms in which he shall express his desire, and it is for the court to determine, upon a consideration of the language used by him in the will, whether it was his intention that "the real property to which the trust estate relates" shall be left in him or his successors, or whether he has "prescribed"—i. e. designated—any other person to whom it shall belong.   The ultimate object in the construction of a will is to ascertain the intention of the testator, and this intention is to be gathered from a consideration of all the parts of the will.   When the intention has thus been ascertained, it is the duty of the court to carry it into effect, unless it contravenes some provision of law.   If, upon a reasonable construction of the language of the will, the court can ascertain that the testator has designated any person as the one that shall enjoy the property upon the termination of the trust, or to whom he wishes the property to go, he will be held to have "prescribed" such person as the one to whom it "shall belong," and thus to have "otherwise disposed of" the estate.   That it was the desire of the testatrix herein that the one-fourth part of the Rancho Los Meganos should belong to Mary Sanford and Huntington Sanford, is manifest from

the terms of her will. Her appropriation to them of the net income thereof for a specific term, with the direction for a conveyance of the land to them at the expiration of that term, permits of no other construction. Her designation of them as the persons whom she desired to become the owners of the property is equivalent in law to a direct devise to them, and they are entitled to have it distributed to them as if it had been devised to them in direct terms.

As above stated, her direction for the conveyance by the persons who had been named as her trustees for a certain purpose was not a part of the trust imposed upon them. Such direction was only incidental to her intention as to the disposition of the property covered by the trust, and could have been given to any other person as well as to them. The effect of the direction was not changed by the fact that it was given to them rather than to another. Indeed, if the testatrix had merely declared that upon the termination of the trust the property should be conveyed to Mary Sanford and Huntington Sanford, without designating any person by whom the conveyance should be made, a court would have no hesitation in holding this declaration to be equivalent to a direct devise, and in distributing it to them as such. Whether in such case the testatrix designates a person to make the conveyance, or directs the conveyance to be made without designating the person by whom it is to be made, is immaterial. The right to the property does not in either case depend upon the conveyance, but is derived directly from the testator by virtue of the will. (*Manice* v. *Manice,* 43 N. Y. 303; *Watkins* v. *Reynolds,* 123 N. Y. 211; *Roberts* v. *Carey,* 84 Hun, 328; *Moore* v. *Appleby,* 36 Hun, 368, affirmed in 108 N. Y. 237; *Campbell* v. *Stokes,* 142 N. Y. 23; *Metcalf* v. *First Parish in Framingham,* 128 Mass. 370; Underhill on Wills, sec. 469.)

The estate in the land given by the will herein to Mary Sanford and Huntington Sanford is dependent upon the precedent estate given for the purpose of the trust, and is limited only by that estate. Upon the termination of that estate they will be entitled to the immediate possession of the land. They were "persons in being" at the death of the testatrix, and their estate in the land is therefore a vested remainder (Civ. Code, sec. 694),—an estate which vested in them in right upon her death, and which will vest in pos-

session upon the arrival of Huntington Sanford at the age of twenty-five years, or upon his death at any time prior thereto. (4 Kent's Commentaries, *202; *Williamson* v. *Field,* 2 Sand. Ch. 553; *Moore* v. *Littel,* 41 N. Y. 66; *Schofield* v. *Alcott,* 120 Ill. 362.)

I am of the opinion, therefore, that the action of the court in distributing the property directly to them subject to the precedent estate for years, was correct, and that its decree should be affirmed.

Temple, J., and Beatty, C. J., concurred in the dissenting opinion.

Rehearing denied.