[Sac. No. 1150. In Bank.—August 2, 1904.]

In the Matter of the Estate of ALICE LINDLEY REITH, Deceased. LINDLEY MORTON REITH et al., Appellants, v. JOHN REITH, JR., Administrator, et al., Respondents.

WILLS—CONSTRUCTION OF HOLOGRAPHIC WILL.—A will in the handwriting of a deceased testatrix, evidently written without legal assistance, no matter how poorly expressed, nor how ungrammatical may be its sentences, is to be interpreted so as to carry out the intention of the testatrix, if it can be ascertained, provided no law is violated in so doing.

ID.—TRUST FOR MINOR CHILDREN.—Where the intention of the testatrix was manifest that the portion of four minor children should be held and managed by trustees of her own selection, for the benefit

of such children, until the time when they should have possession under the terms of the will, the will created a valid trust, in which the subject-matter and purpose of the trust and the persons beneficially interested were reasonably ascertained.

ID.—CREATION OF TRUST—TECHNICAL LANGUAGE NOT REQUIRED.—No technical language is necessary to the creation of a trust either by deed or by will; and any expressions that show unequivocally the intention of the parties to create a trust will have that effect, even though the word "trust" is not used.

ID.—DUTY OF TRUSTEES—DISCRETION IN USE OF INCOME—PRESUMPTION—CONTROL OF COURT.—Where the will assigned to the trustees named "the added duty of keeping the children in such circumstances as will permit them to have every comfort of dress, etc., and all the needed education which shall fit them for a career in any position of life," it is not void, as leaving the extent of the income to be thus used to the discretion of the trustees. The terms of the trust are imperative. The trustees will be presumed to discharge their duty reasonably and properly; and they are at all times subject to the supervision of the court, and answerable for any failure of duty or abuse of their power.

ID.—VESTING OF ESTATE IN TRUSTEES—IMPLICATION—EXTENT OF TRUST.—Though there is no direct devise of an estate to the trustees, yet where, from the nature of the duties to be performed, the taking of such estate is necessary, an estate in the trustees will vest by implication, but only to the extent necessary for the performance of the trust.

ID.—DISTRIBUTION OF ESTATE SUBJECT TO TRUST.—It is the duty of the court having jurisdiction of the estate, not only to distribute to the trustees the estate necessary for the performance of their trust, but also to distribute to the children their respective shares in the trust property subject to the trust, when there was a direct testamentary gift to them subject only to the trust.

ID.—CONTINGENCY OF DEATH OF CHILD.—Where the whole title to the property passed from the testatrix by the will it was erroneous to decree that, in the event of the death of one of the children before arriving at the age mentioned in the will, the property would go to the heirs of the testatrix. In such event the child's share in the property would vest in fee in his or her heirs.

APPEAL from a decree of the Superior Court of Sacramento County distributing the estate of a deceased person. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

R. C. Van Fleet, for Appellants.

S. C. Denson, and W. F. George, for Briggs & Lindley, Respondents, and William M. Sims, for Administrator, Respondent.

McFARLAND, J.—This is an appeal from that part of the decree of distribution which distributes the estate of the minors to trustees. The decree follows the will under which it was made, and the question is thus presented as to whether or not the will created a trust as to the property of the minor children. The portion of the will material here is as follows: "Of my real estate and business interests I bequeath to my children all equally share and share alike the property bounded by 7th., J—the alley etc.,—my interest in the home property on H, 13th. and 14th., and the part of the business and property now carried on on K. Street, between 3rd. and 4th., my interest in the Buffalo Brewery and lands in Arizona and the Omaha. To my husband, John Reith, Jr., I name one tenth of all such of my estate not mentioned as personal property, together with small personal bank interests, and together with Douglas A. Lindley, Wallace A. Briggs, I name him trustees for my whole estate, to be so protected by them that my children shall receive at the age of twenty-five one half of all that is due and at thirty, the remaining half, and that these trustees shall receive a small commission each in consideration of their services. I also assign to said trustees the added duty of keeping my children in such circumstances as will permit them to have every comfort of dress etc., and all the needed education which shall fit them for a career in any position of life. In the event of my husband's death, I name my brother-in-law Jesse L. Reith, to act as trustee with the surviving ones, knowing him to be honorable, competent and justly fitted for such responsibility as are herein expected. Furthermore, I wish to state that if the trustees see fit to make over to my children because of good character and industrious propensities the whole rather than one half of my estate as they reach the age of twenty-five, it shall be in their power to do so.    Alice Lindley Reith."

"The will is in the handwriting of deceased and was evidently written without legal assistance. But no matter how poorly expressed, nor how ungrammatical may be the sentences, it is the duty of the court to interpret it and carry out the intention of the testatrix if that intention can be ascer-

tained, provided no law is violated in so doing. The court must examine the will in all its parts with the honest and earnest purpose of arriving at the thing that the deceased intended should be done with her property. She had property and desired to dispose of it. She had four children of tender age and she desired to provide for their care and education. She had the right to dispose of her property as she saw fit, provided she violated no law in so doing. It is plain that the deceased intended her husband to have one tenth of the property, after excluding the specific bequests made in the first part of the will and the personal property which had been given to her children. It is equally plain that the children were to have the remaining nine tenths. She named her husband and Lindley and Briggs as trustees of her whole estate, but by 'whole estate' she evidently meant the whole of the estate left to the children, for the statement immediately follows: 'to be protected by them that my children shall receive at the age of twenty-five one half of all that is due, and at thirty, the remaining half, and that these trustees shall receive a small commission each in consideration of their services.' She did not mean that the trustees should have charge of her husband's portion, because she states that the trustees are to keep it until the children shall receive it under certain conditions. In the next paragraph she makes it the duty of the trustees to keep her children, to give them a proper education, and to provide suitable clothing for them. She had named the children, she had given them an estate, she had named trustees, and she designated the duty of the trustees. She did not intend that the executors, as such, should keep the estate for the children and clothe and educate them, because that is no part of the duties of executors. She expressly states that the trustees shall receive a commission. And in the latter clause she states that in the event of her husband's death she names her brother-in-law, Jesse L. Reith, 'to act as trustee with the surviving ones, knowing him to be honorable, competent and justly fitted for such responsibility.' The intention was that the children's portion should be held and managed by trustees of her own selection, until the time when they should have full possession.

"A voluntary trust is an obligation arising out of a personal confidence reposed in, and voluntarily accepted by, one for the benefit of another. The trustee stands upon the same footing

as a confidential agent or adviser, and in cases of minor children, much like a guardian. The confidence reposed is the essence of the relation, and the trust is always for the benefit of some third party or parties, or for some particular object. A trust may be created for any purpose allowed by the code. The subject-matter of the trust, the purpose thereof, and the persons beneficially interested, must be reasonably ascertained. A voluntary trust is created, as to the trustor and beneficiary, 'by any words or acts of the trustor, indicating with reasonable certainty: 1. An intention on the part of the trustor to create a trust; and 2. The subject, purpose, and beneficiary of the trust.' (Civ. Code, sec. 2221.) In the case of *Colton* v. *Colton*, 127 U. S. 300, which was on appeal from the circuit court of the United States for the district of California, the words of the will were 'I give and bequeath to my said wife E. M. C. all of the estate, real and personal, of which I shall die seized, possessed, or entitled to. I recommend to her the care and protection of my mother and sister, and request her to make such provision for them as in her judgment will be best.' It was held that a trust was imposed upon the surviving wife to make suitable provision for the mother and sister. The court said: 'No technical language, however, is necessary to the creation of a trust, either by deed or by will. It is not necessary to use the words 'upon trust' or 'trustee' if the creation of a trust is otherwise sufficiently evident. If it appears to be the intention of the parties from the whole instrument creating it that the property conveyed is to be held or dealt with for the benefit of another, a court of equity will affix to it the character of a trust, and impose corresponding duties upon the party receiving the title if it be capable of lawful enforcement. No general rule can be stated that will determine when a conveyance will carry with it the whole beneficial interest and when it will be construed to create a trust; but the intention is to be gathered in each case from the general purpose and scope of the instrument.' In *Tobias* v. *Ketchum*, 32 N. Y. 319, the testator did not use the word 'trustee' or 'trustees,' but gave the executors power to rent, lease, repair, and insure his real estate, until sold or divided, and out of the rents and profits to pay the provision made for the widow, and to at a certain time divide the property among the children or other heirs. It was held that the will created a trust in the execu-

tors. The court said, quoting from Hill on Trustees: 'It is by no means necessary that the donee should be expressly directed to hold the property to certain uses or in trust, or as trustee. . . . It is one of the fixed rules of equitable construction that there is no magic in particular words; and any expressions that show unequivocally the intention of the parties to create a trust will have that effect. It was said by Lord Eldon that the word "trust" not being made use of is a circumstance to be alluded to, but nothing more; and if the whole frame of the will creates a trust, the law is the same, though the word "trust" is not used.' (See, further, *Fay* v. *Taft*, 12 Cush. 448; *Brewster* v. *Striker*, 2 N. Y. 19; *Morse* v. *Morse*, 85 N. Y. 53; Pomeroy's Equity Jurisprudence, 2d ed., secs. 1010, 1011, 1012; Hill on Trustees (American Notes), p. 101 et seq.; *Lucas* v. *Lockhard*, 10 Smedes & M. 466;[1] *Johnson* v. *Billups*, 23 W. Va. 685.)

"It is also claimed that the trust is void for the reason that it leaves it to the discretion of the trustees as to how much income shall be used to support and educate the children, and the *Estate of Sanford*, 136 Cal. 98, is claimed to support such contention. In that case the trustees were to receive the rents and profits of the land and apply the net proceeds of the same to the use and benefit of the beneficiaries *to such extent* and at such time or times as in their judgment shall be proper. What was said in regard to the discretionary clause was not the point on which the case was decided. It was expressly held that the provision of the will creating an express trust to convey was void on the authority of the Fair case, 132 Cal. 523.[2]

"In the case at bar, however, the clause is entirely different from that in the Sanford case. Here it is made the duty of the trustees to keep, clothe, and educate the children. It was not necessary to say that all the income should be used for such purpose. The income may for many reasons vary from time to time. It may be more than necessary for the purposes contemplated in the will. In such case it could not have been the wish of deceased that the excess should be squandered or used in a reckless manner. It may, under certain circumstances, cease, or be diminished to such extent as to be wholly insufficient. In such case it could not have been

---

[1] 48 Am. Dec. 766.      [2] 84 Am. St. Rep. 70.

the wish of deceased that her children should suffer for the necessaries of life. The terms of the trust in this case are imperative. The children must be kept, clothed, and educated. The manner in which they shall be kept, the nature of their education, the kind of clothing they shall wear must depend to a certain extent upon the amount and income of their estate. The trustees will be presumed, acting as the persons in charge of the children, to reasonably and properly care for them. They are under the supervision of the court, and at all times will be held answerable for a failure to perform the duties of their trust in a proper manner, and for any abuse of their powers. The deceased reposed confidence in them, and, having such confidence, she selected them. We will presume that they will perform the duties of their trust faithfully. This disposes of the questions argued in the brief of appellants and upon which they rely. Their appeal is only from that part of the decree distributing the estate in trust for the four minor children of deceased."

The foregoing was prepared by Mr. Commissioner Cooper when this case was pending in Department, and it is adopted as part of this opinion.

In response to appellants' contention that there is in the will here in question no direct devise of an estate to the trustees, it is sufficient to say that when from the nature of the duties to be performed the taking of such estate is necessary, "an estate in the trustees will vest by implication." (See *Fay* v. *Taft*, 12 Cush. 448, and cases there cited, where the subject is fully discussed.)

However, the decree of distribution in the case at bar must be modified in some respects. A trustee takes only such estate as is necessary for the performance of the trust; and in this case the decree properly distributes the trust property to the trustees *"for the period,* and for the uses, trusts, and purposes hereinafter in this decree specified." This properly gives to the trustees only an estate for years. But a decree of distribution should dispose of the property and the whole title thereto and all the estates therein—which is not done in this instance. By the will in question the title in fee is vested in the four children, subject to the trust and to the possession of the property by the trustees during the trust period; and

such title in fee, subject to said trust, should be distributed to the children. Moreover, the decree, after stating that upon the death of any of the children under the age mentioned in the will the·trust as to such beneficiary shall cease, proceeds as follows: "And the share of said trust property and the accumulations thereof which, but for his or her death, said beneficiary would have received on obtaining the age herein-before mentioned, shall go to and vest in the heirs at law of said Alice Lindley Reith, deceased, according to the laws of succession of the state of California." This last-quoted clause of the decree should be stricken out. Perhaps it is not necessary for the decree to make any provision on this subject; but the clause as it stands is erroneous. It goes upon the theory that the whole title in fee to the trust property vested in the trustees; that the children have no estate or title at all in the property during the trust period; and that at the end of such period they would get title only through a conveyance from the trustees. This is an erroneous view; and if it were correct the attempted trust would be void as a forbidden trust to convey. As before said, the title in fee vested in the children at the death of the testatrix by virtue of a direct testamentary gift to them, subject only to the trust. The estate mentioned in section 863 of the Code of Civil Procedure "means the whole of such an estate as is necessary to the performance of the trust." (*In re Walkerly*, 108 Cal. 621, 648.[1]) The whole title to the property passed from the testatrix by the will, and it was erroneous to decree that the property would go to her heirs upon the death of one of the children before arriving at the age mentioned in the will. In the event of the·death of one of said children, his or her share in the property would vest in fee in his or her heirs.

There was submitted also a motion to dismiss the appeal herein; but in our opinion the grounds upon which said motion are based are not tenable, and the motion to dismiss is denied.

The cause is remanded, with directions to the court below to modify the decree appealed from as above indicated; that is, by striking out the clause above quoted, commencing with the words "and the share" and ending with the words "state of California," and inserting as a general clause in said decree the following: "All right, title, interest, and· estate to all of

---

[1] 49 Am. St. Rep. 97, and note.

the property, given in trust, except only the estate therein hereinbefore distributed to said trustees and subject thereto, is hereby distributed to said children Lindley Morton Reith, Flora Reith, John Reith, and Alice Reith''; and as thus modified the decree will stand affirmed.

Shaw, J., Angellotti, J., Van Dyke, J., Henshaw, J., and Lorigan, J., concurred.