[S. F. No. 6029.  Department One.—February 6, 1913.]

RUDOLPH C. HORNUNG, as Administrator of the Estate of Laura Hornung, Deceased, Appellant, v. CATHERINE LESTER SEDGWICK et al., Respondents.

TRUST IN LAND—APPLICATION OF RENTS AND PROFITS FOR USE OF MINOR DURING MINORITY—DIRECTION FOR ACCUMULATION OF SURPLUS—TERMINATION OF TRUST—DEVOLUTION OF PROPERTY UPON DEATH OF MINOR.—A deed conveying land in trust, to hold, manage, and control the same, to collect the rents, issues, and profits thereof, to make all necessary repairs, improvements, etc., and "to pay out of the balance of the proceeds of said premises, all sums necessary for the proper education, maintenance, and support of" the minor son of the grantor, "until he shall have arrived at the age of twenty-one years," and giving to the trustee "full power and discretion as to what may be necessary for the proper education, maintenance, and support of the said minor, in so far as the same relates to the trust fund hereby created," with the power to sell the property, reinvest the proceeds, and to do all things necessary or proper in the management of the trust fund, and further providing, that in the event and upon the condition that the said minor should arrive at the age of twenty-one, the trust should terminate and the property conveyed, or the trust fund then in the hands of the trustee should be and become the absolute property of said minor, but in the event he should die before reaching that age, such property, or the trust fund which might exist at the date of his death, should be and become the property of other persons specified, who were not minors, creates a trust solely for the benefit of such minor, terminable upon his arriving at the age of majority or upon his death prior to such time, which is valid under subdivisions 3 and 4 of section 857 and section 724 of the Civil Code.

ID.—IMPERATIVE DIRECTION TO APPLY RENTS FOR USE OF MINOR—DISCRETION OF TRUSTEE.—The requirement of such deed that the trustee shall apply to the use of said minor so much of the net profits of the property as is necessary for his proper education, maintenance, and support during his minority, is absolute and imperative, leaving no discretion whatever in the trustee other than one to determine what things are necessary or proper to accomplish the education, maintenance, and support commanded. It will be assumed that the trustee will exercise that discretion fairly and honestly, with a view to provide so far as the net profits will warrant, for such education, maintenance, and support as are reasonable and proper.

ID.—IMPLIED DIRECTION FOR ACCUMULATION OF SURPLUS.—Fairly construed, such deed requires any possible surplus of the net profits to

accumulate for the benefit of the minor during his minority, as authorized by subdivision 4 of section 857 of the Civil Code, although no specific direction is given the trustee "to accumulate" them.

ID.—DEVOLUTION OF ACCUMULATIONS UPON DEATH OF MINOR DURING MINORITY.—It is immaterial to the validity of the trust for such minor, that under other provisions of the deed as to the devolution of the property upon the termination of the trust by his death before his majority, such accumulations, if any, will become the property of others who are not minors and who are persons in whose favor a direction to accumulate would not be valid. That result is a mere incident to the exercise by the trustor of the right given by the law to transfer the property subject to the execution of the trust.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Edward C. Harrison, and Maurice E. Harrison, for Appellant.

Tobin & Tobin, and George A. Clough, for Respondents.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment that he take nothing and that he has no interest in the real property described in his complaint, given in an action brought by him as administrator to recover possession of said property and to obtain a decree quieting the title of his intestate and her estate to said property as against defendants.

The appeal is on the judgment-roll alone. The findings of the trial court fully present the facts upon which the respective claims of the parties are based.

On May 13, 1909, plaintiff's intestate, Mrs. Laura Hornung, who it appears in the complaint was the wife of said Rudolph C. Hornung, was the owner of the real property involved, the same being a lot of land 25x105 feet on Willard Street in the city and county of San Francisco. On that day she signed, acknowledged, and delivered to defendants her deed of conveyance thereof. The sole question on this appeal is whether this instrument was effective to convey all the interest of Mrs. Hornung in said land. If it was so effective, the findings of the lower court fully sustain the judgment given.

The deed named Mrs. Hornung as the party of the first part, defendant Catherine Lester Sedgwick (then Catherine Lester) as party of the second part, and defendants Harold Joseph Hornung, a minor (her only child), said Catherine Lester, Lillie Mengel, Emma Matthesen, and Lewis Borle, parties of the third part. It purported first to convey the property to the parties of the second and third parts "in trust for the purposes and subject to the conditions" thereinafter set forth. It then purported to grant such property to the party of the second part, now Mrs. Sedgwick, in trust, to hold, manage, and control the same, to collect the rents, issues, and profits thereof, to make all necessary repairs, improvements, etc., and "to pay out of the balance of the proceeds of said premises, all sums necessary for the proper education, maintenance and support of the above-named Harold Joseph Hornung, until he shall have arrived at the age of twenty-one years, and the said party of the first part, does hereby give and grant unto the said party of the second part, full power and discretion as to what may be necessary for the proper education, maintenance, and support of the said minor, in so far as the same relates to the trust fund hereby created." A provision follows conferring upon the trustee power to sell the property and reinvest the proceeds, to mortgage the same or any property which she may purchase with the said trust fund, and to do all things necessary or proper in the full and complete management, etc., of the said trust fund. It is then provided as follows:

"In the event and upon the condition that the said Harold Joseph Hornung, son of the party of the first part, should arrive at the age of twenty-one years, then and in that event the said trust shall terminate and the said real property hereinabove described, or the trust fund hereby created, then in the hands of the trustee, shall be and become the absolute property of the said Harold Joseph Hornung, and subject to the said condition and trust, the said party of the first part does hereby grant, transfer and convey to the said Harold Joseph Hornung, the real property hereinabove described.

"In the event and upon the condition that the said Harold Joseph Hornung shall die prior to reaching the age of twenty-one years, then and in that event the said real property, hereinabove described, or the trust fund, which may at the date

of the death of the said Harold Joseph Hornung, in case of his death prior to reaching the age of twenty-one years, be in existence, shall be and become the property of the above named Catherine Lester (widow), Lillie Mengel, wife of John Mengel, Emma Matthesen, wife of Joseph Matthesen, and Lewis Borle, and the party of the first part does hereby grant, transfer, and convey to the said last named parties, share and share alike, that is to say, an undivided one-fourth to each thereof, the said real property, hereinabove described, or in the event that the said real property had been sold, then the property constituting the trust fund, subject to the said condition hereinabove expressed.''

This is followed by a provision as to the duties of the trustee in the event of 'a sale of the property.

A consideration of this instrument leaves no doubt as to the intention of Mrs. Hornung in executing it. She desired, first of all, to provide from the property, or its proceeds in the event of a sale thereof, for the proper education, maintenance, and support of her son during his minority, and secondly, she desired such property or proceeds, or what was then left of the same, to go absolutely to such son upon his arriving at the age of majority, if he should live so long; thirdly, in the event that he died before arriving at such age, she desired such property or proceeds, or what was left of the same at the time of his death to go in equal shares to the four other persons named as parties of the third part.

The contention of learned counsel for appellant is that the trust attempted to be created by the deed to carry into effect her intention relative to her son during the period of his minority is invalid under our statutory provisions regarding express trusts, and that the attempted grants in remainder are so dependent upon the execution of the trust that they also must fall with the attempted trust.

The attempted trust was solely for the benefit of the minor son of the grantor, and was to terminate upon his arriving at the age of majority or upon his death prior to such time. The other provisions were solely in the way of prescribing to whom the property to which such trusts related should belong ''in the event of the failure or termination of the trust,'' and of a transfer of such property subject to the execution of the trust. (Civ. Code, sec. 864.) They may, however,

be looked to and considered in determining the proper construction of the provisions relating to the trust.

Subdivision 3 of section 857 of the Civil Code, provides that an express trust may be created to receive the rents and profits of real property, and pay them to or apply them to the use of any person during the life of such person, or for any shorter term, and subdivision 4 of the same section provides that such a trust may be created to receive the rents and profits of real property, and to accumulate the same for the purposes and within the limits prescribed by title two of part two, division two, of the Civil Code. Section 724 of the Civil Code, contained in said title two, permits provision for such an accumulation for the benefit of one or more minors then in being, terminating at the expiration of their minority.

We are of the opinion that these provisions fully authorize the trust attempted to be declared by the deed before us. The question in this connection is simply one of construction of such provisions, for of course learned counsel for appellant are correct in their statement that no trust in relation to real property is valid unless created or declared in writing. (Civ. Code, sec. 852.) But we think that fairly construed, the deed does declare these purposes. The requirement that the trustee shall pay out of the net profits of said property or its proceeds in the event of sale, all sums necessary for the proper education, maintenance, and support of the minor son during the period of his minority, in other words, shall apply to the use of said minor so much of said net profits as is necessary for such purposes during his minority, is absolute and imperative, leaving no discretion whatever in the trustee other than one to determine what things are necessary or proper to accomplish the education, maintenance, and support commanded. This matter of discretion we will discuss later. It is sufficient for the moment to point out that as to such things as are determined by the trustee to be necessary for the proper education, maintenance, and support of the minor, the duty of the trustee to apply the net profits, is absolute and imperative. As to any possible surplus of net profits remaining in the hands of the trustee after the application of such amounts as may be necessary for the purposes enumerated it is true that she is not in terms directed ''to accumulate'' the same for the benefit of the minor. But such

we think is fairly the effect of the provisions of the deed as to all amounts not so needed at any time during the minority of the beneficiary, for of course it was neither contemplated nor necessary to the validity of the trust to apply that it should be required that net profits to be devoted to that purpose must be so applied immediately on coming into the hands of the trustee. They were to be so applied as needed for the designated purposes, and in the mean time were to be retained by the trustee. But there might be net profits in excess of the amount so needed during the continuance of the trust. All of the net profits received by the trustee, whether so needed or not, while remaining in her custody, constituted a part of the *trust fund,* both under well settled principles of law and within the contemplation of the grantor, as is shown by her use of the words "trust fund hereby created" in the first provision as to the discretion to be exercised by the trustee. It was thereafter substantially provided that upon the completion of the minority of the son, all of the trust property or trust fund "then in the hands of the trustee" shall be and become the property of such son. These provisions, to our minds, necessarily imply a direction to the trustee to hold for the minor all portions of the rents and profits not necessary to be applied to the designated purposes, in other words, to accumulate the same for his benefit until he arrives at the age of majority. We thus have as to any surplus of rents and profits over the amounts to be applied to the use of the minor for education, etc., a sufficient declaration of a trust for accumulation authorized by subdivision 4 of section 857 of the Civil Code.

The fact that the right of the minor to receive the real property and the accumulated income is dependent upon the contingency of his attaining the age of majority, and that under the other provisions of the deed as to the devolution of the property upon the termination of the trust by his death before his majority, such accumulations, if any, will become the property of others who are not minors and who are persons in whose favor a direction to accumulate would not be valid, we regard as immaterial. As we have said, the attempted trust was one solely for the benefit of the minor. The whole object thereof was to make proper provision for the support, maintenance, and education of the minor and

to insure the keeping together for him during his minority of such of the property as was not required to be used for these purposes, so that it might go to him upon attaining the age of majority. The accumulation was directed solely for *his* benefit, and the same was to terminate immediately upon his death, if he died prior to attaining his majority. The fact that the amounts accumulated would go to others in the event of his death before majority was a thing entirely apart from and independent of any provision of the trust, and was a mere incident to the exercise by the trustor of the right given her by the law to transfer the property subject to the execution of the trust.

It is earnestly urged that the attempted trust to apply rents and profits to the use of the minor for his education, support, and maintenance is void for the reason that it is not imperative, but merely discretionary—in other words, that the trustee is left with full discretion to determine whether any of the rents and profits shall be applied to any of such purposes, and if any, how much. We have already referred to this point, and have shown, we think, that such is not a fair construction of the provisions of the deed. As we have said, the only discretion confided to the trustee is to determine what things are necessary or proper to accomplish the education, maintenance, and support of the minor, and, of course, it is to be assumed that the trustee will exercise that discretion fairly and honestly, with a view to provide, so far as the net profits will allow and warrant, for such education, maintenance, and support as are reasonable and proper. The duty of the trustee to apply such rents and profits for such education, maintenance, and support as may be found to be necessary is, as we have said, absolute and imperative. The language involved in *Estate of Sanford,* 136 Cal. 97, [68 Pac. 494], the case very strongly relied on by appellant, differed from that in the case at bar, and, as was pointed out in *Estate of Reith,* 144 Cal. 314, [77 Pac. 942], the trustees there were to receive the rents and profits and apply the same *"to such extent . . .* as in their judgment may be proper to and for the use and benefit" of certain children. This language was construed as leaving to the discretion of the trustees "what *amount* of the income shall be applied" to the purposes designated, entirely regardless of the needs of the beneficiaries,

or, as said by this court in *Estate of Dunphy,* 147 Cal. 95, [81 Pac. 315], through Mr. Justice McFarland, who wrote the opinion in the Sanford case, as leaving to the discretion of the trustees "what amount of the income, if any, should be applied." As we have shown, no such construction can fairly be given to the language in the deed before us. The views expressed in *Estate of Reith,* 144 Cal. 319, 320, [77 Pac. 942], in response to the claim made that the trust there involved was void for the reason that it left to the discretion of the trustee how much income shall be used for the support and education of the children, which was concurred in by three of the four justices concurring in the majority opinion in *Estate of Sanford,* 136 Cal. 97, [68 Pac. 494], are applicable to the case at bar, and fully sustain the trust here involved in so far as this objection is concerned.

It follows from what we have said that the attempted trust is valid and that the deed of Mrs. Hornung was effective to convey all of her interest in the property in suit.

The judgment is affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.