[Civ. No. 2604.   Second Appellate District, Division One.—December 23, 1918.]

MARY H. MACKENZIE, Appellant, v. LOS ANGELES TRUST & SAVINGS BANK (a Corporation), et al., Respondents.

TRUSTS—ACTION BY HEIR TO DECLARE TRUST VOID—STATUTE OF LIMITATIONS.—The four-year statute of limitations runs against an action by an heir of a trustor to declare void a trust created by deed executed by the trustor in his lifetime.

ID.—ESTOPPEL OF HEIR TO ATTACK.—Where the owner of a large amount of property more than a year before his death distributed to his wife and children such portions of his property as he desired them to have, and thereupon they all accepted the property given them and receipted for the same, and, in the receipt, expressed their understanding and assent that the allotment was in full of all their interest, present or future, in the estate of the husband and father, and that it was received as an advancement of their entire interest in and to his estate, one of these children was estopped from maintaining an action after the death of the donor to declare void a deed by which he gave a large amount in personal securities to a trustee in trust to pay the income to himself during his life and the principal to his grandchildren after his death.

ID.—VALIDITY OF TRUST INSTRUMENT.—The trust instrument in such case was not rendered invalid by the indefiniteness of a provision that after the death of the trustor the whole or any part of the

interests, dividends and annual proceeds should be applied toward the education of the grandchildren living at the date of the execution of the instrument, and that the trustee should "pay the same, either directly, or to his, her or their natural guardian or guardians without being required to see to the application thereof, or to require any accounting of the same, and apply the residue of such income, if any, in augmentation to the said trust fund."

APPEAL from a judgment of the Superior Court of Los Angeles County. J. W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Parks & Pease and H. S. Clewett for Appellant.

O'Melveny, Stevens & Millikin and Joseph C. Finch for Respondents.

JAMES, J.—This action was brought for the purpose of securing a decree declaring void a trust created by William Mackenzie, deceased. Defendant Trust & Savings Bank was named as the trustee in the instrument of trust executed by said Mackenzie. It was also administrator of his estate. From the judgment denying the plaintiff the relief sought, this appeal was taken.

The facts were agreed upon and presented to the trial judge by written stipulation. It appears that in 1904 William Mackenzie, being the owner of a large amount of property, determined that he would then distribute to his wife and children such proportions thereof as he desired them to have, rather than to leave such distribution to be made by will. Besides his wife, there were then living this plaintiff, a daughter, who was unmarried and then and since residing at Glen Cove, New York; William Mackenzie, his son; Teanie Covey, a married daughter, and Sophia Mackenzie, an unmarried daughter. There were nine grandchildren, six being the children of the son, William Mackenzie, and three the children of Mrs. Covey. In that year he made distribution to his wife and children, all of whom accepted the property given to them and all receipted for the same, and, in the receipt, expressed their understanding and assent that the allotment was in full of all their interest, present or future, in the estate of the husband and father, and that it was received as an advancement of their whole and entire interest in and to said estate.

Thereafter, on the thirty-first day of October, 1905, William Mackenzie executed an instrument of trust, naming the defendant trust company as trustee, and contemporaneously therewith delivered to his trustee personal property consisting of various securities of a value in excess of ninety thousand dollars. In the trust instrument it was provided that the trustee should pay the income from the trust property to the trustor so long as he should live, and that upon his death the trustee should hold the property for the benefit of the grandchildren. On the eleventh day of November of the same year Mackenzie died. There was received by the trustee prior to the death of Mackenzie, as income, the product of the trust property, the sum of $1,133.69. This money, of course, belonged to the estate of the deceased, and in order to distribute the same the trust company defendant was, on the twenty-ninth day of January, 1906, appointed administrator of said estate and has continued ever since to act in that capacity. On the twenty-sixth day of February, 1906, the administrator filed an inventory in the matter of the estate, showing that it had possession of property belonging to the estate in the amount hereinbefore mentioned, and on the fifteenth day of June, 1911, filed its first and final account, with petition for distribution. Notice of hearing on the account and petition was duly given, the date set being the 28th of June, 1911. About this time plaintiff employed attorneys to intervene in her behalf, and the hearing on the report and petition of the administrator was continued from time to time. Plaintiff filed objections to the account and the granting of the petition on the ground that the administrator had not charged itself with the property which it had in its capacity as trustee under the trust instrument received from William Mackenzie. This action was brought by the filing of the complaint on March 1, 1913. It will be noted that the complaint was filed more than seven years after the death of William Mackenzie and the issuing of letters of administration in his estate. In the statement of the facts it is recited "that until shortly after the time of the filing of the first and final account, report and petition for distribution in the matter ·of the estate of said William Mackenzie, deceased, the plaintiff did not have actual knowledge that the defendant had not charged itself with and did not intend to charge itself with and account for the property described in the written instrument, . . . as a part of the

estate of said William Mackenzie, deceased, but never made
any inquiries of said Los Angeles Trust Company or the de-
fendant concerning the subject.  That the plaintiff has not
at any time actually known and does not now actually know
whether or not the Los Angeles Trust Company or the de-
fendant has taken any action in performance or in attempted
performance of the terms, directions and conditions of the
written instrument, a copy of which is hereinabove set forth,
but has never made any inquiries of either said Los Angeles
Trust Company or the defendant concerning the matter.''  It
appears further in the agreed statement that the trustee did
enter upon the performance of the obligations imposed upon it
by the trust instrument, and did execute the conditions there-
of up to the time that objection was formally raised against
the validity of the trust.  The court, agreeable to the issue
presented by the answer, first determined that the cause of
action asserted by the plaintiff was barred by the four-year
statute of limitations, and, further, that by reason of the
plaintiff having received the allotment of property advanced
to her prior to the death of William Mackenzie, and retained
the same, she was estopped from questioning the validity of
the trust instrument.  The finding on the merits of the main
question was that the trust was not void or invalid for ''in-
definiteness or for or upon any other ground or reason alleged
by the plaintiff.''  While we are of the opinion that both
preliminary issues, that of the time limitation and of an
estoppel against the plaintiff, were correctly determined, we
will enter into no particular discussion of those questions, be-
cause we think that the ground upon which plaintiff based
claim that the trust is invalid is not well taken, and that the
decisions in this state clearly support that view.  Before pass-
ing to this main question, it may be remarked that the author-
ities, a number of which are cited by appellant, holding that
the statute of limitations does not commence to run against
a *cestui que trust* to have enforced the trust terms until the
trustee repudiates the trust relation, have no application in
this case.  Upon that particular question, the underlying
reason, when applied here, operates against rather than in
favor of plaintiff.  It is always presumed that the trustee in
possession of trust property will perform the duties imposed
upon him as such trustee until he takes a contrary attitude.
Here the plaintiff was bound to assume that the trustee, hav-

ing accepted its appointment, would perform the obligations imposed upon it, and that the property held by it as such trustee would not be accounted for as property belonging to the estate of William Mackenzie, deceased. By the very terms of the trust instrument all of that property was removed from Mackenzie's estate. The stipulation of facts shows that in the month of November, 1905, the plaintiff had personal knowledge of the execution of the trust instrument and of the delivery of the trust property to the trustee.

The trust created as to the property delivered to the trustee was a valid one. The main contention of appellant revolves about the second clause of the trust instrument, which provides as follows: ''In trust, after the death of the party of the first part, to apply the whole or any part of the said interest, dividends and annual proceeds toward the education of the grandchildren of said William Mackenzie living at the date of the execution of this instrument, and to pay the same either directly, or to his, her, or their natural guardian or guardians, without being required to see to the application thereof, or to require any accounting of the same, and apply the residue of such income, if any, in augmentation to the said trust fund.'' In the paragraphs following, the distribution of the corpus of the property was provided to be made in certain proportions to the grandchildren at their majority. It is argued that the provision as to the application of the interest, dividends, and proceeds of the trust property during the minority of the children is indefinite in that it does not provide as to what amount shall be devoted to the education of the grandchildren or what the character of that education shall be. That such a provision makes the trust void, appellant contends is sustained by the decision in the matter of the *Estate of Sanford,* 136 Cal. 97, [68 Pac. 494]. Some language is used in that decision which lends strong color to the argument here made. However, the question of the indefiniteness of the income provision considered in the *Estate of Sanford* was not the real question upon which the decision turned, and we think that later decisions of the supreme court have made that proposition clear. Under these later decisions we think it very plain that the remarks of the court in the Sanford case referring to the matter of income distribution must be considered either as *dicta* or as having been definitely overruled. In the matter of *Estate of Reith,* 144 Cal. 314, [77 Pac. 942],

the trust provision of a will imposed upon the trustees "the duty of keeping my children in such circumstances as will permit them to have every comfort of dress, etc., and all the needed education which shall fit them for a career in any position of life." It was there argued that the provision was too indefinite to sufficiently define the duty of the trustees, and the court said: "It is also claimed that the trust is void for the reason that it leaves it to the discretion of the trustees as to how much income shall be used to support and educate the children, and the *Estate of Sanford*, 136 Cal. 98, [68 Pac. 494], is claimed to support such contention. In that case the trustees were to receive the rents and profits of the land and apply the net proceeds of the same to the use and benefit of the beneficiaries to such extent and at such time or times as in their judgment shall be proper. What was said in regard to the discretionary clause was not the point on which the case was decided. It was expressly held that the provision of the will creating an express trust to convey was void on the authority of *Estate of Fair*, 132 Cal. 523, [84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000]. In the case at bar, however, the clause is entirely different from that in the Sanford case. Here it is made the duty of the trustees to keep, clothe, and educate the children. It was not necessary to say that all the income should be used for such purpose. The income may for many reasons vary from time to time. It may be more than necessary for the purposes contemplated in the will. . . . The children must be kept, clothed, and educated. The manner in which they shall be kept, the nature of their education, the kind of clothing they shall wear must depend to a certain extent upon the amount and income of their estate. The trustees will be presumed, acting as the persons in charge of the children, to reasonably and properly care for them. They are under the supervision of the court, and at all times will be held answerable for a failure to perform the duties of their trust in a proper manner, and for any abuse of their powers. The deceased reposed confidence in them, and, having such confidence, she selected them. We will presume that they will perform the duties of their trust faithfully." Following the expressions of the court in the Reith case, it may be well said here that it will be presumed that the trustee will perform its duty in good faith. When the trustor directed that "the whole or any part" of the income should be applied toward

the education of the minors, he did not mean that the trustee, at its option, could devote any small sum—one dollar, perhaps, in the furtherance of that object. The intent of the trustor was plainly that the minors should be educated. Not having expressly restricted the kind of education they should receive, the logical presumption to be applied is that he intended them to receive a fitting education—one suitable to their position in life, considering the means available for the purpose. The trustee might expend the whole of the income in that direction—a lesser amount might be sufficient. In the latter case, the excess is to be applied ''in augmentation of the said trust fund,'' which was provided to be later distributed. (See, also, *Hornung* v. *Sedgwick,* 164 Cal. 629, [130 Pac. 212].)

Our conclusion is that the trust is valid, and that the court properly denied relief to the plaintiff on that issue, and also properly resolved the questions against her as to the application of the statute of limitations and the estoppel.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.