[L. A. No. 2056. In Bank.—August 27, 1908.]

ALFRED VINCENT KEATING et al., as Trustees of the Estate of Andrew J. W. Keating, Deceased, et al., Appellant, v. ISAIAH H. SMITH, Personally and as Administrator of the Estate of Isabell Keating Smith, Deceased, Respondent.

TRUST UNDER WILL—INVALIDITY CURED BY DECREE OF DISTRIBUTION—CONCLUSIVENESS OF DECREE.—Notwithstanding the invalidity of a trust attempted to be created by a will, a final decree distributing the estate to trustees upon certain trusts is a conclusive adjudication of the validity of the disposition made by the testator, and is equally conclusive as an ascertainment and adjudication of the terms of the trust, and of the rights of all parties claiming any legal or equitable interest under the will.

ID.—DECREE SUPERSEDES WILL.—The decree of distribution supersedes the will and prevails over any provision therein which may be inconsistent with the decree. And in determining the rights of the distributees, the terms of the decree, and not those of the will, are to be considered.

ID.—DISTRIBUTION IN TRUST DURING MINORITY OF CHILDREN—REMAINDER TO WIDOW—VESTED ESTATE—DEVOLUTION OF ESTATE ON DEATH OF REMAINDERMAN.—Under a decree distributing a residuary estate to trustees, in trust to manage, control, and care for the property during the minority of the testator's children, "and then to go as follows," to wit, one third thereof to the testator's widow, etc., the words "to go" are clear words of direct devise, and the widow takes a vested estate in such one third, and upon her dying intestate during the minority of the children her interest passed to her heirs, subject to the trust and to the possession of her personal representatives for purposes of administration. The fact that her actual possession and control of her interest are postponed during the existence of the trust is immaterial.

ID.—EXPRESS TRUST IN REAL ESTATE—EXTENT OF ESTATE OF TRUSTEE.—Under section 863 of the Civil Code providing that "every express trust in real property . . . vests the whole estate in the trustees, subject only to the execution of the trust," the estate which a trustee takes is not necessarily a fee, but only such estate as is required for the execution of the trust.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Shankland & Chandler, for Appellants.

The widow acquired no interest under the decree of distribution which upon her death could pass into the probate administration of her estate (Civil Code, sec. 699, 700, 863, *Estate of Steele*, 124 Cal. 533, 57 Pac. 564; *Fatjo* v. *Swasey*, 111 Cal. 628, 44 Pac. 225; *Estate of Willey*, 128 Cal. 9, 60 Pac. 471; *Bank of Ukiah* v. *Rice*, 143 Cal. 265, 101 Am. St. Rep. 118, 76 Pac. 1020; *Estate of Fair*, 132 Cal. 524, 84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000; *Estate of Sanford*, 136 Cal. 100, 68 Pac. 494; *McClain* v. *Copper*, 98 Iowa, 145, 67 N. W. 102; *Matter of Baer*, 147 N. Y. 348, 41 N. E. 702; *Kirkland* v. *Cox*, 94 Ill. 400; *Horwitz* v. *Norris*, 49 Pa. St. 213; *Minot* v. *Tappan*, 127 Mass. 333.)

Walter J. Horgan, and Hutton & Williams, for Respondent.

The estate of the widow under the decree of distribution was vested, and on her death descended to her heirs. (*Estate of Fair*, 132 Cal. 539, 84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000; Civil Code, sec. 694, 695, 699; *Tindall* v. *Tindall*, 167 Mo. 218, 66 S. W. 1092; *Day* v. *Madden*, 9 Colo. App. 464, 48 Pac. 1053; *Croxall* v. *Shererd*, 5 Wall. 287; *Dunn* v. *Schell*, 122 Cal. 626, 55 Pac. 595.)

SLOSS, J.—Andrew J. W. Keating died on August 15, 1901, leaving a will which was duly admitted to probate by the superior court of the county of Los Angeles on the sixteenth day of October, 1901.

By this will, which bore date the eighth day of May, 1896, the testator gave to a son, William Keating, residing at Taltal, Chile, all of his property at that place. All the residue of his estate he devised and bequeathed to his wife, Isabell Keating, and two of his sons, Alfred Vincent Keating and Arthur Harry Keating, in trust for the following uses and purposes, to wit: "to manage, control and care for said properties and accumulations thereof, and to hold the said property intact, so far as possible, until my youngest son Edward Keating, now aged about six years, shall attain the age of twenty-one years, and then to convey all of said property, other than the said property hereinbefore devised to my said son William Keating, being said property in Taltal, Chile, to the following persons, and in the following proportions, to wit: An undivided one third thereof to my said wife Isabell Keating, and

an undivided two thirds thereof to my said children Alfred Vincent Keating, Arthur Harry Keating, Julius Augustus Keating, Henry Keating, Walter Keating, Edward Keating, Helena Keating, and Elvira Keating, share and share alike. And, in case of the death of any of my said children before my said son Edward Keating attains the age of twenty-one years, then to convey the undivided two thirds of said property to my surviving children, other than the said William Keating. In case my said son Edward Keating dies before reaching his majority, then to convey all the rest and residue of said property (other than the said property in Chile, hereinbefore devised to my said son William Keating), whenever the youngest of my remaining children reaches the age of majority, in the following proportions, to wit: an undivided one third thereof to my said wife Isabell Keating, and the remaining undivided two thirds thereof to my said children, then surviving, other than the said William Keating, share and share alike." The wife and sons named as trustees are by the will appointed executors, and are given, as executors and trustees, full power to sell and convey all portions of the testator's estate and to invest the proceeds, all investments to be held in trust in like manner as the property devised to the trustees.

Arthur Harry Keating died prior to the death of the testator. The widow renounced her right to act as executrix, and letters testamentary were issued to Alfred Vincent Keating.

At the close of the administration a decree was duly made, distributing all of the residue of the estate to Alfred Vincent Keating as sole trustee, the widow declining to act as trustee. In defining the trusts the decree of distribution differs in some respects from the will. By the decree it is adjudged that the trust was by the will "created and established as an accumulation directed by said will to commence upon the distribution of this estate, and to terminate at the expiration of the minority of said children . . . and at the termination of said trust as aforesaid, all the property of the testator, other than that devised to his son William Keating, . . . should go to and be conveyed to the trustee to said widow and children in the following proportions . . ." The decree then orders, adjudges, and decrees that the residue of the estate "be, and the same is hereby distributed according to law and the provisions of said will, as follows:—

"To Alfred Vincent Keating, as trustee, in trust to manage, control and care for said property and the accumulations thereof, during the minority of the said children, as herein-after provided, and to terminate at the expiration of their minority, that is to say, upon the attainment of the youngest child of the age of majority, and then to go as follows, to wit: One third thereof to Isabell Keating, the widow, and the remaining two thirds thereof to the children of the said deceased (other than the said William Keating) share and share alike, and in case of the death of any of said children before they attain the age of twenty-one years, then to the surviving children other than the said William Keating, and in case the youngest son, Edward Keating aforesaid, may die before attaining his majority, then to the said surviving children other than the said William Keating, at the time when the youngest of them may reach the age of majority, that is to say, an undivided one third to Isabell Keating and the remaining two thirds to the said children other than the said William Keating, surviving at the time the youngest living child may attain the age of twenty-one years, if said child be a son, or at the time when the youngest child may attain the age of eighteen years if said youngest child be a daughter."

To the decree are attached conditions whereby the court retains authority to confirm all sales made by the trustee, the trustee is required to give a bond, and the entire income derived from the estate is directed to be apportioned by the trustee at least once a year, as follows: One third of the income to the widow of the deceased, and one ninth of the income to each of the six surviving children of the deceased other than William Keating, with a proviso that if the income over and above the sum of ten thousand dollars a year receivable from one Colton should not be sufficient to pay to the widow three hundred dollars a month and to each child one hundred dollars a month, then the deficiency should be supplied out of the Colton moneys to the extent necessary to make the payments equal to such monthly sums. The decree became final by lapse of the time within which an appeal could have been taken. By subsequent orders of the superior court Alfred Vincent Keating and George H. Hutton have been appointed as trustees to succeed Alfred Vincent Keating and Henry Charles Keating.

On October 24, 1904, Isabell Keating, the widow of the decedent, was married to the defendant, Isaiah H. Smith. She died intestate on February 24, 1906. Letters of administration were issued to her surviving husband in March, 1906. At the time of her death some of the Keating children were still minors.

This action was instituted against Smith, individually and as administrator of his wife's estate, by the trustees and the children of the decedent named as beneficiaries of the trust. The complaint prays that the defendant be required to set forth his claims against the trust estate, and that it be decreed that the trustees plaintiff are the owners of all the residue of the estate for the benefit of the six children. The action is based upon the theory that by the death of Isabell Keating Smith, the widow of the deceased, before the termination of the trust, her interest in the trust estate lapsed, and that the defendant had no interest therein, either as administrator of her estate or as one of her heirs.

The court gave judgment in favor of the defendant, adjudging that the right and interest of Isabell Keating Smith did not cease or terminate at her death, but that all of her right, title, and interest in and to the property in the hands of the trustees is to be held and managed by the trustees, subject only to and in accordance with the terms and provisions of the decree of distribution; that the trustees are to hold all the interest of said Isabell Keating Smith in the said property and in said trust for the defendant, Isaiah H. Smith, as administrator of the estate of Isabell Keating Smith, deceased, and subject to the administration of said estate, for the heirs at law of the said Isabell Keating Smith, deceased, until the termination of said trust. Thereupon all of the interest of said Isabell Keating Smith in said trust is to go to the said defendant Smith as such administrator for purposes of administration, and subject to such administration, to the heirs at law of the said Isabell Keating Smith, deceased. The court "leaves to the proper court the determination and adjudication of such heirship" in the proceeding in the matter of the estate of Isabell Keating Smith, deceased.

The plaintiffs appeal from the judgment. The facts are undisputed and the only question is whether the death of Isabell Keating Smith so terminated her interest that nothing passed to her heirs or representatives.

The will attempted to create a trust which, considered by itself, was no doubt invalid under the rule declared in *Estate of Fair*, 132 Cal. 523, [84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000]. The validity of the trust is, however, no longer open to question. The decree of the superior court distributing the residue of the estate to trustees upon certain trusts is a conclusive adjudication of the validity of the disposition made by the testator. (*Crew* v. *Pratt*, 119 Cal. 139, [51 Pac. 38]; *Goldtree* v. *Allison*, 119 Cal. 344, [51 Pac. 561].)

And it is equally conclusive as an ascertainment and adjudication of the terms of the trust, and of the rights of all parties claiming any legal or equitable interest under the will. (*Goad* v. *Montgomery*, 119 Cal. 552, [63 Am. St. Rep. 145, 51 Pac. 681]; *Williams* v. *Marx*, 124 Cal. 22, [56 Pac. 603]; *More* v. *More*, 133 Cal. 489, [65 Pac. 1044].) The decree supersedes the will and prevails "over any provision therein which may be thought inconsistent with the decree." (*Goad* v. *Montgomery*, 119 Cal. 552, [63 Am. St. Rep. 145, 51 Pac. 681].) In determining the rights of the widow, we are, therefore, to look, not to the terms of the will, but to those of the decree of distribution.

The question resolves itself primarily into one of construction. Did the terms of the decree of distribution establish in the widow a present interest, which could pass, upon her death, to her heirs or devisees? By the provisions of the clauses above quoted, one third of the residue is, upon the termination of the minority of the children, to go to the widow. Her right to the possession of the principal of this third is postponed, but, under the language of the decree, she is to receive it in any event. Except in regard to the time when it may come into her possession, there is no uncertainty. The gift is not made contingent upon the occurrence or non-occurrence of any event whatever. There is no gift over in the event of her death, as there is in the case of the minor children. Furthermore, she is, during the existence of the trust, to receive one third of the income of the property.

That, at common law, this provision for the wife would have been regarded as creating in her a vested estate, and that, in the absence of statutory rule to the contrary, such estate, whether legal or equitable, would pass from her by inheritance or devise, are propositions that are not, and cannot be, ques-

tioned. (1 Jarman on Wills, 6th ed., 756 et seq.; 28 Am. & Eng. Ency. of Law, 2d ed., p. 933.) Nor is it disputed that, under our code, the estate or interest of the wife, if she took any interest or estate, vested at once. (Civ. Code, sec. 694.)

The appellants rely, however, upon section 863 of the Civil Code, providing that "every express trust in real property . . . vests the whole estate in the trustees, subject only to the execution of the trust. · The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust." From this it is argued that the beneficiary of such express trust, taking no "estate or interest," takes nothing that is descendible, but only a right to compel the trustees to perform the trust, if the beneficiary should be in existence at the time when the trustees are to perform. The beneficiaries have, it is argued, a "mere possibility, such as the expectancy of an heir-apparent," which, under section 700 of the Civil Code, is "not to be deemed an interest of any kind" and is not capable of being transferred or inherited.

If this be conceded to be a sound construction of sections 700 and 863, its application here is based upon the assumption that the only rights of the beneficiaries are those declared by the will, which makes no direct devise of the residue to any one but the trustees, and gives to the beneficiaries only the right to "receive new estates created by the conveyances" from the trustees. (*Estate of Fair*, 132 Cal. 523, [84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000].) But, as has heretofore been pointed out, the rights of the parties are to be ascertained from an inspection of the decree of distribution, rather than of the will. That decree is the final and conclusive adjudication of the testamentary disposition made by the decedent. By the decree, the residue is distributed to the trustees, in trust to manage, control, and care for said property during the minority of testator's children, "and then to go as follows, to wit: One third thereof to Isabell Keating, the widow," etc. The words "to go" are "clear words of direct devise." (*Estate of Dunphy*, 147 Cal. 95, [81 Pac. 315].) The estate which a trustee takes by virtue of section 863 is not necessarily a fee, but only such estate as is required for the execution of his trust. (*Morffew* v. *San Francisco etc. R. R. Co.*, 107 Cal. 587, [40 Pac. 810].) Here the trustees are given an estate expressly limited in duration to the minority of the children. The

widow takes a legal remainder by virtue of the terms of the decree itself, without the intervention of any conveyance, from the trustees. She succeeds to a portion of the testator's estate which was "not embraced in the trust." (Civ. Code, sec. 866.) That her actual possession and control of her interest are postponed is not material. "Future interests pass by succession, will, and transfer in the same manner as present interests." (Civ. Code, sec. 699.) The case, as regards the widow, is precisely similar to that supposed in the following passage from the opinion of the court in the Fair case, and the consequences are as there stated (132 Cal. 539, [84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000]) : "If, in the case at bar, the testator had made a direct devise in remainder to the persons of the classes named in the will those of the latter who were alive at the testator's death would have immediately taken vested estates; the interests of each would have been a property and ownership in the land, with all the rights, powers and advantages which legally belong to such an interest."

There being nothing in the decree purporting either to make the widow's right contingent upon her living until the youngest child should attain majority, or divesting her estate in the event of her death during the existence of the trust, the court below rightly held that, upon her dying intestate, the interest owned by her passed, subject to the trust and to the possession of her personal representatives for purposes of administration, to her heirs.

The judgment is affirmed.

Angellotti, J., Shaw, J., Henshaw, **J.**, and Lorigan, J., concurred.