[S. F. No. 14419. In Bank.—October 31, 1932.]

BESSIE ELLA MANNING et al., Appellants, v. THE BANK OF CALIFORNIA, NATIONAL ASSOCIATION (a Corporation) et al., Respondents.

Justin M. Jacobs and Christopher M. Jenks for Appellants.

Cross & Brandt for Respondents.

SEAWELL, J.—Plaintiffs are the beneficiaries of a trust created by the will of their father, Daniel Best, deceased, pursuant to which the entire estate of said deceased was distributed to defendant Albert S. Weaver, as trustee, by a decree of distribution duly made and entered on January 6, 1925, by the Superior Court of Alameda County. The defendant Bank of California, National Association, was appointed cotrustee with Weaver by court order on October 24, 1928. The four plaintiffs, all of whom were past the age of majority at the death of their father, brought the present action to compel said trustees presently to pay to them in equal shares the sum of $16,601.29, which they claim remained in the control of said trustees on December 31, 1929, as accumulations of income from the trust estate after all expenses and charges against said trust estate had been paid. From a decree adjudging that they take nothing, plaintiffs prosecute this appeal. The fourteen children of the four plaintiffs were also named as parties defendant by reason of the fact that they have a contingent interest in the trust estate, as will more fully appear hereafter.

The appeal is taken on the judgment-roll. The case was tried on a stipulation of facts, which has been embodied in the findings. The contention of respondent trustees is that the plaintiffs, under the terms of the decree of distribution, are not entitled to receive any income from said trust estate during the continuance of the trust in excess of the sum of $300 a month each, which has been paid to them in full to

date, and, further, that the funds which plaintiff claim constitute income, in fact are not income, but belong to the *corpus* of the estate, a portion being the proceeds received by the trustees from the sale of certain bank stock held by them, and the balance being sums set aside by the trustees annually to cover depreciations in the value of certain real and tangible personal property distributed to them. It cannot be determined from the findings whether the court was of the view that both of said issues, or only one of them, should be determined adversely to plaintiffs. The court simply finds the fact from which it deduces that plaintiffs take nothing, without specifying its legal conclusion on said two separate issues.

Respondent trustees state that as individuals they are not interested in any controversy between appellants and their children, the contingent remainderman, but in their representative capacity it is their duty to defend the trust, especially in view of the fact that most of the issue of appellants are minors, and while joined as parties in the action have taken no active part in the case.

The decree of distribution under which appellants claim to be entitled to the funds in dispute is set forth in full in the court's findings in the action herein, except as to description of assets of the estate. By said decree all property of said estate of Daniel Best, deceased, is distributed to Albert S. Weaver, as trustee, upon the followings uses and purposes:

"To pay to Clarence Leo Best one-fifth (1/5) interest of said estate as represented by the inventory thereof, less his estimated proportionate share of the cost of administration. [This legacy has been paid in full, and no question relating thereto is involved upon this appeal.]

"To pay over and distribute to each of the daughters of said Daniel Best, deceased, namely, Meta Vivian Best Jackson, Viola Else Webster, Bessie Ella Manning and Helena Oleta Stanley, the sum of three hundred ($300.00) dollars per month during the lifetime of such daughter, but in no event to exceed the period of twenty (20) years from the 22nd day of August 1923, the date of death of said Daniel Best; and in any event to terminate with the expiration of this trust. Upon the death of either of said daughters before the expiration of this trust, or upon the expiration of the said twenty (20) years above mentioned, leaving no issue of

her body, then the interest or share of such deceased daughter shall terminate, but in case of such death of such daughter, leaving living issue, then the same shall be paid to such issue of such daughter, share and share alike, if there should be more than one of such issue. If all of said daughters above named should die before the expiration of twenty (20) years, said trustee shall immediately distribute said estate to the surviving issue of said daughter or daughters, the issue of said daughters taking by right of representation the share of their parent. At the expiration of twenty (20) years from said 22nd day of August, 1923, unless said trust is sooner closed, as in said will provided, this trust shall be closed and the entire estate then remaining in the hands of said trustee shall be distributed share and share alike amongst the surviving daughters, and the issue of any deceased daughter or daughters, by right of representation. . . . If at any time prior to the expiration of said twenty (20) years all of said daughters shall be deceased, without issue of their body, then and in that event the trust estate therein provided shall cease and determine and the said trustee shall immediately close the estate and distribute to those who would be entitled at that time to succeed to said estate under the laws of the State of California.''

The will of decedent is also incorporated in the findings, from which it appears that the trust provisions of said decree of distribution, above quoted, are practically identical in form and language with the provision in the will of decedent.

By the terms of said will and decree of distribution, the trustee is directed to pay $300 a month to each of the four daughters of decedent during the period of twenty years limited for the continuation of the trust, this sum to be paid to the issue of any daughter who shall die during the continuation of the trust leaving issue, otherwise the interest of the deceased daughter to terminate. Upon the termination of the trust, the ''trust estate'' is to be divided among said four daughters and the issue of any deceased daughter by right of representation. The theory of appellants is that the will and decree of distribution fail either expressly or by implication to provide for the disposition of income which may arise from the trust in excess of the sum required to pay $300 a month to each of the four daughters.

In this situation, appellants argue, section 733 of the Civil Code governs and requires payment of the entire surplus to them as the same may accrue. Said section provides: "When, in consequence of a valid limitation of a future interest there is a suspension of the power of alienation, or of ownership during the continuation of which the income is undisposed of, and no valid direction for its accumulation is given, such income belongs to the persons presumptively entitled to the next eventual interest."

There is no dispute between the parties but that the will of decedent creates a valid future interest in remainder limited to take effect upon the termination of the trust established by the will of decedent, that the effect of said limitation is to suspend the power of alienation, and that the plaintiffs are presumptively the persons who will succeed to the title upon the termination of said trust estate. The question on which the rights of the parties revolve is whether the income in excess of that consumed in paying expenses and the payments of $300 a month to each of the four plaintiffs, is "undisposed of". To establish their present right to surplus income plaintiffs must show either that said surplus income is "undisposed of", or, if a direction for its accumulation has been given, that said direction is void.

Respondent trustees acknowledge, as they must, that the will contains no express or implied provision for present disbursement of the surplus income during the continuance of the trust. They find, however, considering the trust provisions in the will and decree as an entirety, an implied provision by necessary implication for accumulation of the surplus by the trustee, to be held by said trustee as part of the trust estate, and to be distributed upon the termination of said trust to the persons entitled to the estate in remainder, that is, to the present plaintiffs, or to the issue of any of them who shall die during the life of the trust. Respondents must also concede that such implied provision for accumulation, being for the benefit of plaintiffs, all of whom were adults at the date of the testator's death, is in violation of the laws of this state as they stood at the time of the death of the testator and the entry of the decree of distribution. (Sec. 724, Civ. Code, prior to 1929 amendment.)

■ By virtue of section 733 of the Civil Code the persons presumptively entitled to the next eventual interest receive the income not only where no present disposition thereof is made, but also where a direction for its accumulation is given which is void. (*Estate of Duffill,* 180 Cal. 748 [183 Pac. 337].) ■ If the present appeal were from the decree of distribution it would be unhesitatingly held that under the will of their father plaintiffs had established their right to the surplus income, whether said income should be regarded as undisposed of, or as income directed to be accumulated by a void direction. However, the present appeal is not from the decree of distribution in said estate, which became final long prior to the action herein, but from the judgment in an action subsequently brought by plaintiffs to determine their rights under said decree. The trust provisions of the will have been incorporated, substantially word for word, and without the addition of other directions, into the decree of distribution. After the entry of the decree of distribution, such decree becomes the measure of the rights of the parties. (*Goad* v. *Montgomery,* 119 Cal. 552 [63 Am. St. Rep. 145, 51 Pac. 681] ; *Luscomb* v. *Fintzelburg,* 162 Cal. 433 [123 Pac. 247] ; *Newport* v. *Hatton,* 195 Cal. 132, 151 [231 Pac. 987].) The function of the court upon distribution is to distribute the property of the decedent. Since, on the one hand the court must direct distribution in accordance with the will of the testator, provided the directions of the testator as embodied in his will can lawfully be carried out, and, on the other hand, effect should not be given to testamentary provisions which are in violation of the laws of this state; the court in decreeing distribution necessarily passes on the validity of trust created by the will of the testator. If distribution is directed to a trustee to be held upon the precise trusts set forth in the will, the validity of the trust is by the court upheld. The decree of distribution is final and conclusive as to the rights of those interested in the estate, subject only to be reversed, set aside or modified on appeal. In *Keating* v. *Smith,* 154 Cal. 186 [97 Pac. 300, 302], this court said in discussing this subject: "The will attempted to create a trust, which, considered by itself, was no doubt invalid under the rule declared in *Estate of Fair,* 132 Cal. 523 [84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000]. . . . The validity of the trust is, however, no longer open to question.

The decree of the superior court distributing the residue of the estate to trustees upon certain trusts is a conclusive adjudication of the validity of the disposition made by the testator.'' (Citing cases.)

The language of this court in *Estate of Pratt,* 119 Cal. 139 [51 Pac. 38, 43], is also instructive. We there said:

''The subject matter upon which the court was called to act in the present instance was the settlement of the final account and distribution of the estate of O. C. Pratt, under his last will. To make the final distribution under section 1666, Code of Civil Procedure, 'the court must name the persons and the proportions or parts to which each shall be entitled'.

''As an incident of this duty, it devolved upon the court to determine whether or not there was a valid trust created by the will, and whether the respondents were lawfully created the trustees thereof. The court could not dispose of this question without passing upon the validity of the trust. It was the fulcrum upon which that branch of the case turned. . . . .

''In the present case, we are of the opinion it was, under the law, the duty of the court to adjudicate the question of the validity of the Pratt trust, and that having done so and adjudged it to be valid, while its conclusion was erroneous and the judgment open to reversal on appeal, yet as no appeal was taken therefrom and as the time therefor has long since expired, it is not now open to collateral attack.''

Appellants answer that they concede the force and effect of said adjudications, but that the instant case is not one where an implied direction of accumulation, although void in its inception, has acquired validity through a decree of distribution. Rather, they contend, the will and decree should be interpreted as failing to provide either for present disposition of the surplus income during the life of the trust or for its accumulation. If this is the proper interpretation, it follows from those directions expressly contained in the will and decree that appellants are entitled to the surplus income under the provisions of section 733 of the Civil Code. We are unable to accede to appellants' contention.

The testator bequeathed his entire estate to the trustee upon the trusts named. The trust as declared is not fragmentary. The intent of the testator to make a complete disposition of his property is apparent from the instrument. The will undertakes to cover all contingencies—the survival of all four daughters beyond the period of twenty years limited for the continuation of the trust, the death of one or more of the daughters, less than all, prior to that time leaving issue, the death of a daughter prior to that time without issue, and the death of all four daughters prior to expiration of the twenty-year period with and without issue. To concede force to appellants' contention that there has been a failure to direct what shall be done as to the surplus income is to charge the testator with an omission in a plan carefully calculated to be complete, contrary to what we consider to be the plain and necessary implication of the trust provisions as a whole.

The testator by his will and the court by the form of its decree of distribution, exactly following the will, treated the trust estate, including both *corpus* and income, as a unit, to be held, managed and controlled by the trustee for the benefit of his four daughters, and the issue of any daughter dying prior to the termination of the trust, subject to diminution only to meet lawful expenses of the trust administration and pay the monthly legacies to the four daughters. The will and the decree direct distribution of the "trust estate" upon the termination of the trust. The reference is not to the "*corpus* remaining after paying out all income during the continuation of the trust".

Broad powers of management, control, authority to sell, subject to approval of the court, and to collect, and to invest and reinvest "any moneys or *surplus* or proceeds" of sale and collection, or to deposit the same in solvent banks at interest are conferred on the trustee. (Italics supplied.) At the time of execution of the will, seven years before his death, the testator's four daughters ranged between twenty-six and thirty-four years of age. Their normal life expectancy at the time of his death exceeded twenty years. The testator necessarily knew that the income from a large estate, and the expenses incident to the management thereof, are uncertain and variable from year to year. Of this income, whatever it might be, it is very plain that the testator

intended his four daughters should receive not more than $300 a month each during the continuation of the trust. It is equally plain that he desired his entire estate not consumed in paying his daughters the specified income and discharging expenses of the trust administration ultimately to go to said four daughters, the issue of any deceased daughter taking by representation, to the exclusion of other persons to whom he might have made legacies and bequests. The conclusion that the surplus income was to be accumulated and invested during the life of the trust is inescapable from the language used in creating the trust.

The testator not only desired that his daughters should receive no more than $300 a month, but he intended to assure them that sum. The accomplishment of this purpose he could make more secure by directing accumulation of income in the years when there was more than enough to pay the stated legacies in order that the sums thus accumulated would be available in lean years. Accumulations for the benefit of adults were not permitted by our law as it stood at the death of the testator and entry of the decree of distribution. (Sec. 724, Civ. Code; *Estate of Duffill,* 180 Cal. 748 [183 Pac. 337]; *Estate of Whitney,* 176 Cal. 12 [167 Pac. 399].) In 1929 the law was amended. We are not here concerned with the scope and effect of the amendment. Effect must be given in the case herein to the direction for accumulation by reason of the action of the court in upholding its validity on distribution. (Cases cited, *supra.*)

We are not unmindful of appellants' argument that where a decree is ambiguous it should be construed as making a lawful disposition of property rather than a disposition in violation of the statutory rules restricting accumulations, perpetuities or restraints on alienation. This is in accord with the rule as to judgments generally that where a judgment admits of two constructions, that one will be adopted which is consonant with the judgment that should have been rendered on the facts and law. (*Watson* v. *Lawson,* 166 Cal. 235, 241 [135 Pac. 961].) Although the decree of distribution supersedes the will as the measure of the rights of the parties, the will is part of the record in a probate proceeding, and where it is ascertained upon comparison that the decree is a counterpart of the will,

without additions or alterations, the decree cannot be given a different or broader interpretation than the will.

Our decision in *Hornung* v. *Sedgwick,* 164 Cal. 629 [130 Pac. 212], is persuasive authority for the conclusion we have reached, although the trust provision in that case is not identical with the provision before us. It is true that the direction for accumulation found to exist in that case was valid, being for the benefit of a minor. Clearer manifestation of intent to direct an accumulation should be required where the accumulation is contrary to law than where it is proper. However, this principle does not authorize a palpable disregard of the plain meaning of the language adopted. (See, also, *Estate of Whitney,* 176 Cal. 12 [167 Pac. 399] ; *Estate of Duffill,* 180 Cal. 748 [183 Pac. 337].)

Appellants cite certain decisions of the courts of this state and other jurisdictions, placing particular emphasis on the decision of the appellate court in *Woestman* v. *Union Trust etc. Bank,* 50 Cal. App. 604 [195 Pac. 944]. In that case the appellate court, after devoting the major portion of the opinion to other questions, in conclusion makes a statement in a few brief lines which supports appellants' contention. Each case must necessarily rest on the particular provisions of the will and decree creating the trust. In so far as the decision in said case is in conflict with our holding herein, it is not the law. *Estate of Pichoir,* 139 Cal. 682 [73 Pac. 606], is distinguishable on the facts. In that case the remainderman to whom it was held the surplus income should be paid as it accrued, was not, as in the case herein, the person to receive income during the life of the trust in a fixed sum only, and it did no violence to the intent of the testator to permit such remainderman to receive accruing surplus income from time to time. The cases from other jurisdictions involve trust instruments differing so widely in their terms that they are readily distinguishable.

Since plaintiffs are not entitled to receive more than $300 a month during the period limited for the continuation of the trust, and they make no contention that they have not been paid this amount in full to date, it becomes unnecessary for the disposition of the present appeal to determine whether the funds which plaintiffs claim are surplus income,

or, as respondent trustees contend, are part of the *corpus*. Plaintiffs have no present right to receive payment of the surplus funds whatever their nature. Nor do we deem it advisable in the circumstances shown to pass upon this question for guidance of the trustees in future transactions where the question of whether the funds are income or part of the *corpus* may arise. Future problems may be determined if and as they arise.

The judgment is affirmed.

Curtis, J., Shenk, J., Tyler, J., *pro tem.*, Preston, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.